**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2026 APR -9  PM 12: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| MOHAN A. HARIHAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| K&L GATES, LLP; DAVID E. | ) | & |
| FIALKOW, ESQ.; RICH MAY, PC; | ) | |
| JEFFREY B. LOEB, ESQ.; CASNER & | ) | DEMAND FOR JURY TRIAL |
| EDWARDS, LLP; CHRISTOPHER | ) | |
| MAFFUCCI, ESQ. | ) | DOCKET NUMBER: 25-cv-12831 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. Introduction

This action arises from a continuous pattern of misconduct by K&L Gates LLP, Rich May P.C.,

Casner & Edwards LLP, and their attorneys — including David E. Fialkow, Jeffrey B. Loeb, and

Christopher Maffucci — involving defamation, misrepresentation of material facts, fraud on the

court, misprision, and civil RICO violations dating back to 2011. These actions directly overlap

with the misconduct alleged in *Harihar v. U.S. Bank et al.*, No. 15-cv-11880, and *Harihar v.*

*Dupuis*, No. 26-cv-11376.

Plaintiff recently obtained a **wet-ink signed 2014 Citigroup–DOJ–State AG Settlement**

**Agreement,** which confirms mortgage-securities fraud, illegal foreclosure practices, and the

homeowner's right to seek relief. Defendants have refused to acknowledge this material

evidence.

This case has been pending before **Chief Judge Denise J. Casper** since September 2025, with **four motions pending for nearly six months**, including Plaintiff's **October 1, 2025 motion requesting the Court's assistance with the assignment of counsel** under **28 U.S.C. § 1915(e) and 42 U.S.C. § 3613(b)(2)**.

## II. Jurisdiction and Venue

- Federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

- Civil RICO jurisdiction under 18 U.S.C. § 1964(c).

- Venue proper under 28 U.S.C. § 1391, though Plaintiff asserts that **judicial conflicts, recusal violations, and systemic irregularities** create a factual basis for a future motion for change of venue.

## III. Parties

- **Plaintiff:** Mohan A. Harihar

- **Defendants:**
    - K&L Gates LLP and attorney David E. Fialkow
    - Rich May P.C. and attorney Jeffrey B. Loeb
    - Casner & Edwards LLP and attorney Christopher Maffucci

## IV. Factual Background

### A. Overlapping Misconduct Across Related Cases

This case is intertwined with:

- *Harihar v. U.S. Bank et al.*, No. 15-cv-11880

- *Harihar v. Dupuis*, No. 26-cv-11376

- *Harihar v. United States*, No. 17-cv-11109

- *Harihar v. Commonwealth*, SJC-13694

- *Harihar v. Commonwealth*, Land Court No. 22-MISC-000454

Defendants repeatedly denied the existence of the 2008 financial crisis, the national mortgage-fraud settlements, and the 2014 Citigroup agreement.

**B. Judge Burroughs' 2017 Recusal and Post-Recusal Orders**

On **June 19, 2017,** Judge Allison Dale Burroughs issued a **sua sponte recusal** in *Harihar v. U.S. Bank et al.* after serious misconduct and undisclosed conflicts were identified. Despite recusal, she continued issuing orders **without jurisdiction,** and the Court has never restored jurisdiction or addressed the violations.

**C. Chief Judge Casper's Role and Systemic Delays**

Chief Judge Casper presides over this case despite prior involvement in related litigation raising misconduct concerns. Since filing in September 2025, the case has seen **no movement,** with **four motions pending for nearly six months,** including Plaintiff's motion for court-assisted counsel.

**D. Defendants' Refusal of ADR and Insurance-Notification Concerns**

Plaintiff extended a **good-faith ADR/mediation offer** to all defendants. All defendants declined or ignored the offer. It is unclear whether defendants notified their **professional liability insurance carriers,** as required when receiving a pre-litigation demand or ADR invitation.

**E. The 2014 Citigroup Settlement Agreement**

The wet-ink signed 2014 Citigroup–DOJ–State AG agreement confirms:

- mortgage-securities fraud

- illegal foreclosure practices

- the homeowner's right to seek relief

Defendants have refused to acknowledge this evidence.

## V. Claims for Relief

**Count I – Defamation**

**Count II – Misrepresentation of Material Facts**

**Count III – Fraud on the Court**

**Count IV – Civil RICO (18 U.S.C. § 1964(c))**

**Count V – Misprision**

**Count VI – Constitutional Violations (42 U.S.C. § 1983)**

## VI. Imbalance of Hardships and the Necessity of Court-Assisted Counsel Assignment (Federal Law)

Plaintiff has litigated complex federal matters **pro se for over fifteen years** due to longstanding indigency. Under **28 U.S.C. § 1915(e)(1)**, courts may request counsel for indigent litigants where "exceptional circumstances" exist. Plaintiff satisfies every factor:

- **Indigency** is longstanding and undisputed.

- **Claims are meritorious,** supported by federal settlement agreements and court records.

- **Legal issues are exceptionally complex,** involving RICO, securitization, constitutional violations, and multi-case entanglement.

- **Plaintiff cannot reasonably litigate** against institutional defendants represented by national law firms.

- **The imbalance of hardships threatens fairness**, especially given judicial misconduct, recusal violations, and systemic delays.

Plaintiff's **motion for court-assisted counsel was filed on October 1, 2025** under **28 U.S.C. § 1915(e)** and **42 U.S.C. § 3613(b)(2)** and has been **pending for nearly six months** without action.

Plaintiff notes that **if defendants were to reconsider and accept ADR/mediation**, the need for court-assisted counsel — and potentially the need for a change of venue — may be reduced. Their refusal to date has left Plaintiff with no alternative.

## VII. Factual Basis Supporting Future Motion for Change of Venue

- Judge Burroughs' recusal and post-recusal orders.
- The Court's failure to restore jurisdiction or address recusal violations.
- Chief Judge Casper's involvement in related litigation.
- Six-month delay on four pending motions.
- Defendants' refusal of ADR.
- Insurance-notification concerns.
- Overlapping federal and state cases creating institutional entanglement.

## VIII. Relief Requested

- Compensatory and punitive damages
- Declaratory and injunctive relief
- Sanctions for misconduct
- Coordination with related cases

- Any further relief the Court deems just

Respectfully submitted this **25th day of March, 2026,**

*/s/ Mohan A. Harihar*
**Mohan A. Harihar**
Plaintiff
7124 Avalon Drive
Acton, MA 01720
617.921.2526 (Mobile)
Mo.harihar@gmail.com