**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MOHAN A. HARIHAR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 25-12831-DJC** |
| ) | |
| **K&L GATES LLP,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

<u>**MEMORANDUM AND ORDER**</u>

**CASPER, C.J.**                                                                    **May 5, 2026**

Pro se plaintiff Mohan Harihar brings this action against certain law firms and attorneys, alleging that they have violated various federal criminal statutes.  Harihar has also filed motions for leave to proceed in forma pauperis, for leave to file an amended complaint, for appointment of counsel, and to compel action on pending matters.[1]  For the reasons set forth below, the Court ALLOWS the motion for leave to proceed in forma pauperis, D. 2, ALLOWS the motion for leave to file an amended complaint, D. 5, DENIES the motion for appointment of counsel, D. 6, DENIES the motion to compel action, D. 7, and directs Harihar to file a second amended complaint if he wishes to proceed with this action.

**I.      Motion for Leave to Proceed in Forma Pauperis**

Upon review of the motion for leave to proceed in forma pauperis, D. 2, the Court concludes that Harihar has adequately demonstrated his inability to prepay the filing fee. Accordingly, this motion, D. 2, is ALLOWED.

---

[1] Harihar has also filed a motion for leave to file electronically, D. 3, which the Court will grant by a separate electronic order.

**II.    Review of the Complaint**

Summonses have not issued pending the Court's preliminary review of the complaint.  The Court may review the complaint of a person proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asserts claims for monetary damages from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  In conducting this review, the Court liberally construes the complaint because Harihar is proceeding *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**A.    Harihar's Claims**

Harihar brings this action against the law firm K&L Gates; attorney David Fialkow; the law firm Rich May PC; attorney Jeffrey Loeb, the president of Rich May PC; the law firm of Casner & Edwards LLP; and, Casner & Edwards attorney Christopher Maffucci.  D. 1 at 2-3.

Harihar invokes this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331.  Id. at 3.  He identifies six federal statutes at issue in this case: 18 U.S.C. § 4 (misprision of felony); 18 U.S.C. § 2382 (misprision of treason); 18 U.S.C. § 1964 (civil remedies under the Racketeer Influenced and Corrupt Organizations Act); 18 U.S.C. § 371 (conspiracy to commit offense or to defraud United States); 18 U.S.C. § 1831 (economic espionage); and 28 U.S.C. § 4101 (including definition of "defamation" for recognition of foreign defamation judgments). Id.

Harihar's statement of his claim consists of the following:

The Civil complaint addresses accruing damages caused by a 14-year history of attorney misrepresentations, false/defamatory statements and a false narrative intended to purposefully mislead both Federal and Massachusetts State Courts. Primary legal issues stem from the illegal foreclosure of the Plaintiff's residential property – as identified by Federal/State Prosecutors and Federal Bank Regulators, including breaches in government settlement agreements allowing the Plaintiff to seek additional damages.  Additional legal issues involve the Plaintiff's Intellectual Property, which was created specifically for the Economic benefit of The United

States and American Homeowners impacted by RMB Securities Fraud violations. The legal issues have been compounded by a history of Judicial recusals/disqualifications and clerk tampering violations, which are being addressed separately with the Justice Department.

Id. at 5.

In his prayer for relief, Harihar seeks monetary damages "for more than a decade of slanderous and defamatory statements the Defendants have made against him." Id. Harihar also seeks "[a]dditional damages" for "the Plaintiff's time" over the past fourteen years, which he values at $1000/hr. Id.

**B.    Discussion**

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (internal citation omitted).

To "show that the [plaintiff] is entitled to relief," a plaintiff's statement of his claim must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Id. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Id. (quoting Twombly, 550 U.S. at 557). Further, the well-pleaded allegations must "sustain recovery under some actionable legal theory." N.R. by & through S.R. v. Raytheon Co., 24 F.4th 740, 746 (1st Cir. 2022) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).

3

Here, Harihar's complaint fails to state a claim upon which relief may be granted. The pleading does not contain any well-pleaded allegations identifying the misconduct of each defendant. Rather, the complaint relies solely on "labels and conclusions" describing the defendants' alleged collective misconduct. In addition, with the exception of Harihar's invocation of the civil RICO statute, the criminal federal statutes Harihar cites in his jurisdictional allegation, 18 U.S.C. §§ 4, 371, 1831, 2382, are not enforceable through a private right of action. Lundgren v. Universal Wilde, 384 F. Supp. 3d 134, 136 (D. Mass. 2019) (noting that it is well-settled that criminal statutes do not provide a private cause of action"). To the extent that 18 U.S.C. § 1964 provides for recovery of civil remedies, id. § 1964(c), the complaint does not plausibly state a claim for same. Moreover, to the extent that Harihar cites 28 U.S.C. § 4101 for its definition of "defamation," see 28 U.S.C. § 4101(a) (defining defamation), that statute does not provide a private cause of action for him. It merely defines defamation for the purpose of determining whether a foreign judgment for defamation is enforceable in the United States. See 28 U.S.C. § 4102 (setting forth considerations to determine whether a foreign judgment for defamation can be recognized in any federal or state court).

### III.    Motion for Leave to File Amended Complaint

Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course no later than: (A) days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). At this juncture of the litigation, because summonses have not issued and the defendants have not responded to the complaint Harihar may amend his complaint without leave of Court.

Accordingly, this motion, D. 5, is ALLOWED and the Court has considered his amended complaint, D. 8.

Notwithstanding this filing, the amended complaint, D. 8, is defective. "An amended complaint, once filed, normally supersedes the antecedent complaint. Thereafter, the earlier complaint is a dead letter and no longer performs any function in the case." Newman v. Lehman Brothers Holdings, Inc., 901 F.3d 19, 27 n.8 (1st Cir. 2018) (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (citations omitted)). The amended complaint does not appear to be a document that Harihar meant to replace the original complaint. Rather, it seems that Harihar intended for the new pleading to be an addition to the earlier pleading.

As set forth above, the Court concludes that the original complaint, D. 1, fails to state a claim upon which relief may be granted, and the "amended" pleading, D. 8, also fails in this regard. Considering the original complaint and the amended complaint together also does not cure the pleading deficiency. Accordingly, the Court will give Harihar the opportunity to file a second amended complaint if he wishes to proceed with this action.

## IV.    Motion for Appointment of Counsel

Although the Court "may request an attorney to represent any person unable to afford counsel," 28 U.S.C. §1915(e)(1), a civil plaintiff lacks a constitutional right to the appointment of counsel, see DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). While the Court has wide discretion on the matter, appointment of counsel in a civil case is only required when "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [the plaintiff's] due process rights." See DesRosiers, 949 F.2d at 23. "To determine whether there are exceptional circumstances sufficient to warrant the appointment of

counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24.

Here, circumstances presently do not warrant the appointment of counsel. Harihar's pleadings—viewed separately or together—fail to state a claim upon which relief can be granted, and he has not provided any specific factual allegations suggesting he has a viable claim. Accordingly, the motion to appoint counsel is DENIED without prejudice.

## V.      Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1.      The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2.      The motion for leave to file an amended complaint, D. 5, is ALLOWED.

3.      The motion for appointment of counsel, D. 6, is DENIED.

4.      In light of the rulings above, the motion to compel action on pending matters, D. 7, is DENIED as moot.

5.      If Harihar wishes to proceed with this action, he must, by June 5, 2026, file a second amended complaint that complies with Federal Rules of Civil Procedure and states plausible claims. Failure to do so within this time frame likely will result in dismissal of this action.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
Chief United States District Judge