**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MOHAN HARIHAR,<br><br>    Plaintiff,<br><br>v.<br><br>K&L GATES, LLP; DAVID E.<br>FIALKOW, ESQ.; RICH MAY PC;<br>JEFFREY B, LOEB, ESQ.; CASNER &<br>EDWARDS, LLP; CHRISTOPHER<br>MAFFUCCI, ESQ.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  DOCKET NO. 25-CV-12831<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR CLARIFICATION AND RECONSIDERATION

### I. Standard for Reconsideration

Courts may reconsider interlocutory orders under:

- Fed. R. Civ. P. 54(b)

- Fed. R. Civ. P. 60(b)

- The Court's inherent supervisory authority

Reconsideration is appropriate where new evidence emerges or where the Court overlooked

material facts.

### II. Exceptional Circumstances Under 28 U.S.C. § 1915(e)(1)

Appointment of counsel is warranted where:

- The case is complex;

- The factual record is extensive;

- The litigant faces structural disadvantages;

- The issues involve government findings or systemic misconduct.

This case satisfies — and exceeds — those criteria.

### III. Material Facts Not Addressed in the Court's Order

1. Two judicial recusals (2017 and 2026) in directly related federal cases.

2. Attorney withdrawals in SJC-13694 and 22-MISC-000454.

3. K&L Gates LLP's withdrawal in SJC-13694 and its direct impact on 15-cv-11880.

4. The 2014 DOJ/MA AGO settlement agreement.

5. Federal and state prosecutorial findings supporting Plaintiff's claims.

### IV. Federal Oversight Considerations

The cumulative procedural anomalies — including two sua sponte recusals, multiple attorney withdrawals, and newly discovered government-verified evidence — are **extraordinary and unprecedented** in Plaintiff's 15-year litigation history.

These circumstances raise legitimate concerns regarding:

- the integrity of the proceedings,

- the appearance of impartiality, and

- the ability of a pro se litigant to obtain a fair adjudication.

**Plaintiff further notes that federal oversight has already been formally requested** due to the severity of these circumstances and the need to ensure procedural fairness across the related litigation chain.

### V. ADR, FORCED MEDIATION, AND SUBPOENA CONSIDERATIONS

Plaintiff has made **multiple good-faith attempts** to initiate ADR and mediation discussions with all defendants. **No defendant has responded** as of May 6, 2026.

This pattern of non-responsiveness, combined with:

- attorney withdrawals,

- the withdrawal of K&L Gates LLP in SJC-13694,

- the impact on 15-cv-11880, and

- the emergence of government-verified evidence,

further underscores the **extraordinary nature of the circumstances**.

These conditions raise legitimate questions as to whether **forced mediation** may be necessary to conserve judicial resources and promote efficient resolution.

Plaintiff also shows cause for the Court to consider issuing **subpoenas to all named defendants**, given the demonstrated pattern of non-engagement and the need to ensure participation and preserve relevant evidence.

## VI. Plaintiff's Claims Are Supported by Government Findings

The Court's suggestion that Plaintiff's claims lack factual support is inconsistent with:

- DOJ findings

- MA AGO findings

- Federal bank-regulator findings

- The 2014 settlement agreement

- Documented attorney misrepresentations

- Two judicial recusals

- A 15-year litigation history

## VII. Conclusion

For the reasons stated above, the Court should reconsider its prior ruling and appoint counsel.

Respectfully submitted this **06ᵗʰ day of May, 2026**


*/s/ Mohan A. Harihar*
Mohan A. Harihar
Plaintiff
7124 Avalon Drive
Acton, MA 01720
617.921.2526 (Mobile)
Mo.harihar@gmail.com

---

### **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Motion: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Motion otherwise complies with the requirements of Rule 11.