**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MOHAN HARIHAR, <br><br> Plaintiff, <br><br> v. <br><br> K&L GATES, LLP; DAVID E. FIALKOW, ESQ.; RICH MAY PC; JEFFREY B, LOEB, ESQ.; CASNER & EDWARDS, LLP; CHRISTOPHER MAFFUCCI, ESQ. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    DOCKET NO. 25-CV-12831 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S NOTICE REGARDING OUTSTANDING RECUSAL ORDERS, CLERK'S OFFICE ACTIONS, ATTORNEY WITHDRAWALS, AND IMPACT ON SECOND AMENDED COMPLAINT DEADLINE**

**Plaintiff Mohan A. Harihar respectfully submits this Notice to ensure the record accurately reflects several unresolved procedural issues that directly affect the Court's May 13, 2026 Electronic Order (ECF No. 12) requiring the filing of a Second Amended Complaint by June 5, 2026.**

---

**I. Outstanding Sua Sponte Recusal Orders in the Related Case:** *Harihar v. U.S. Bank et al.* **(15-cv-11880)**

Two separate **sua sponte recusal orders** issued by U.S. District Judge Allison D. Burroughs remain unaddressed as to their effect on this action:

1. **June 19, 2017** recusal order (in *Harihar v. United States*, 17-cv-11109)[1]

---

[1] See Exhibit A

2. **April 9, 2026** recusal order (in *Harihar v. Massachusetts Association of REALTORS®*, 1:26-cv-11666-IT)[2]

Both recusal orders expressly implicate:

- *Harihar v. U.S. Bank et al.*, 15-cv-11880

- All related and derivative matters, including the present defamation action

To date, the Court has not clarified:

- Whether prior rulings or procedural directives issued by Judge Burroughs remain enforceable

- Whether the Clerk's Office may continue to rely on or enforce orders that are void or voidable under **Rule 60(b)(4)** and **28 U.S.C. § 455**

- How these recusal orders affect the procedural posture of this case

These unresolved issues materially affect Plaintiff's ability to prepare a procedurally sound Second Amended Complaint.

---

## II. Clerk's Office Enforcement of Void or Recused Orders and Returned Filings

Plaintiff further notes that the Clerk's Office has:

- **Returned or refused to docket** multiple filings in the related litigation[3]

- Cited orders issued by a judge that were issued after recusal[4]

- Enforced orders that are subject to mandatory vacatur under **Rule 60(b)(4)**

- Prevented Plaintiff from correcting the record or filing required documents

---

[2] See Exhibit B
[3] See Exhibit C
[4] See Exhibit D

These administrative actions have directly impaired Plaintiff's ability to comply with the Court's directives in this case.

---

**III. Attorney Withdrawals Following Plaintiff's Discovery of the 2014 Citigroup Settlement Agreement**

**A. Withdrawal of Attorney David E. Fialkow (K&L Gates LLP)**

In the related Massachusetts Supreme Judicial Court proceedings[5], Attorney **David E. Fialkow**:

- Abruptly **withdrew without cause** as counsel for **Wells Fargo, U.S. Bank, and Citigroup**[6]

- Did so **immediately after Plaintiff's discovery of the fully executed (wet-ink) 2014 Citigroup–DOJ–MA AGO settlement agreement**[7]

- Subsequently **departed from K&L Gates LLP**

- Was not replaced by substitute counsel for the bank defendant - *Citigroup*

**B. Withdrawal of Former Assistant Attorney General John Dupuis[8]**

Similarly, **former Assistant Attorney General John Dupuis**:

- **Withdrew without cause** from representing the Commonwealth in related state proceedings[9]

- Is **no longer employed** by the Massachusetts Attorney General's Office

---

[5] Ref. *HARIHAR v COMMONWEALTH OF MASSACHUSETTS et al*, Petition No. SJC-13694, MA Supreme Judicial Court

[6] See Exhibit E

[7] See Exhibit F

[8] See Exhibit G

[9] Ref. (1) *HARIHAR v COMMONWEALTH OF MASSACHUSETTS et al*, Petition No. SJC-13694, , MA Supreme Judicial Court; and (2) *HARIHAR v COMMONWEALTH OF MASSACHUSETTS,* Docket No. 22-MISC-000454, MA Land Court.

- Withdrew **immediately after Plaintiff's discovery of the 2014 Citigroup settlement agreement**

- Is a **named defendant** in the related federal action *Harihar v. Dupuis*, Docket No. 26-cv-11376, pending before this Court

### C. Relevance to This Action

The timing and pattern of these withdrawals:

- Reinforce Plaintiff's longstanding allegations of misrepresentation and misconduct by defendant parties and their associated law firms

- Bear directly on the unresolved recusal issues

- Underscore the need for clarity regarding the enforceability of prior orders

- Further impair Plaintiff's ability to prepare a Second Amended Complaint based on an accurate and reliable record

---

### IV. Unresolved Fraud-on-the-Court Claims Under Fed. R. Civ. P. 60(b)(3) and 60(d)(3)

In the related matter *Harihar v. U.S. Bank et al.*, No. 15-cv-11880, multiple fully briefed **fraud-on-the-court claims** under **Fed. R. Civ. P. 60(b)(3)** and **60(d)(3)** remain **unaddressed**. These filings detail:

- Misrepresentations

- Concealment of material facts

- Litigation misconduct by defendant parties and their counsel

The Court has not ruled on these submissions or clarified their effect on:

- The validity of prior orders

- The Clerk's Office's enforcement actions

- The procedural posture of this case

The absence of resolution on these fraud-on-the-court claims further impairs Plaintiff's ability to prepare a procedurally proper Second Amended Complaint by June 5, 2026.

---

### V. Impact on Plaintiff's Ability to Meet the June 5, 2026 Deadline

The cumulative effect of:

- Unresolved recusal orders

- Clerk's Office enforcement of void orders

- Returned filings

- Sudden attorney withdrawals and departures

- Discovery of the 2014 Citigroup settlement agreement

- Unresolved Rule 60(b)(3) and 60(d)(3) fraud-on-the-court claims

has materially hindered Plaintiff's ability to prepare a complete, accurate, and procedurally sound Second Amended Complaint.

Plaintiff submits this Notice **not to challenge the Court's authority**, but to ensure the Court is fully apprised of the procedural obstacles that remain unresolved.

---

### VI. Good-Faith ADR/Mediation Reminder

Plaintiff reiterates his willingness to resolve all issues through **ADR or mediation**, including **court-ordered mediation**.

No defendant party has responded to Plaintiff's prior ADR/mediation offers.

---

**VII. Requested Relief**

Plaintiff respectfully requests that the Court:

1. **Acknowledge this Notice** for the record;

2. **Clarify the effect of the outstanding recusal orders** on this action;

3. **Clarify whether the Clerk's Office may continue enforcing orders issued by a recused judge**;

4. **Clarify the effect of the unresolved Rule 60(b)(3) and 60(d)(3) fraud-on-the-court claims**; and

5. **Provide guidance on whether the June 5, 2026 deadline should be adjusted** in light of the above-described impediments.

---

Respectfully submitted this **14ᵗʰ day of May, 2026**

*/s/ Mohan A. Harihar*
Mohan A. Harihar
Plaintiff
7124 Avalon Drive
Acton, MA 01720
617.921.2526 (Mobile)
Mo.harihar@gmail.com

---

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Notice: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported

by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Motion otherwise complies with the requirements of Rule 11.

# Attachment A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


MOHAN A. HARIHAR
            Plaintiff,

        v.

                                                CR No.  17-11109-ADB

UNITED STATES OF AMERICA
            Defendant,


ORDER OF RECUSAL

BURROUGHS, D.J.


    I hereby disqualify myself in this proceeding pursuant to 28 U.S.C. § 455 (a).  The case will be redrawn to another district judge in the Eastern Division.

    SO ORDERED.


                                    /s/ Allison D. Burroughs
                                    Allison D. Burroughs
                                    United States District Judge


Dated: 6/19/17

# Attachment B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


**Mohan A. Harihar**

       **Plaintiff,**

                               CR No. 26-11666-ADB

      v.

**Massachusetts Association
of Realtors et al**

       **Defendant**


ORDER OF RECUSAL

BURROUGHS, D.J.


I hereby disqualify myself in this proceeding pursuant to 28 U.S.C. 455 (a).  The case will be redrawn to another district judge in the Eastern Division.

SO ORDERED.


                          /s/ Allison D. Burroughs
                          Allison D. Burroughs
                          United States District Judge

Dated: 4/9/26

# Attachment C



UNITE
C
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FIRST-CLASS MAIL
IMI
$003.84
05/08/2026 ZIP 02210
043M31266831

Mohan Harihar
7124 Avalon Drive
Acton, MA  01720

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2026 MAY 14 PM 1:42
DISTRICT OF MASS.

MOHAN A HARIHAR,                          )
                                          )
                    Plaintiff             )
                                          )    Docket No. 15-cv-11880
             v.                           )
                                          )
US BANK, WELLS FARGO, CITIGROUP et al     )
                                          )
                    Defendants            )

**EMERGENCY MOTION FOR REASSIGNMENT**

**Emergency Relief Requested**

Plaintiff respectfully moves for **immediate reassignment** of this matter to a different judicial

officer pursuant to **28 U.S.C. § 455(a)**, First Circuit precedent, and the Court's inherent authority

to preserve the integrity of the judicial process. Reassignment is required because the presiding

judge has issued **two separate sua sponte recusals** in **two directly related cases**, creating

structural defects and an unavoidable appearance of partiality.

**I. INTRODUCTION**

This case is directly related to two other federal actions arising from the same underlying

mortgage-securities fraud, illegal foreclosure, and financial-institution misconduct:

1. **Harihar v. United States** — Recusal entered **June 19, 2017**

2. **Harihar v. Massachusetts Association of Realtors et al.** — Recusal entered **April 9, 2026**

Both recusals were issued by Judge Allison D. Burroughs, and both were **sua sponte**,

acknowledging conflicts requiring disqualification under **28 U.S.C. § 455(a)**.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2026 MAY -4 PM 1: 42
DISTRICT OF MASS.

MOHAN A HARIHAR,                    )
                                   )
                Plaintiff          )
                                   )          Docket No. 15-cv-11880
       v.                          )
                                   )
US BANK, WELLS FARGO, CITIGROUP et al )
                                   )
                Defendants         )

## EMERGENCY MOTION TO VACATE VOID ORDERS

**Emergency Relief Requested**

Plaintiff respectfully moves under **Fed. R. Civ. P. 60(b)(4)** and **60(d)(3)** for immediate vacatur of all orders and judgments issued before and after the Court's recusals. Emergency relief is required because the continued enforcement of void orders is causing ongoing, irreparable harm and threatens the integrity of the proceedings.

## I. INTRODUCTION

A judgment is void when the court lacks jurisdiction. *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010). A judge who is disqualified under **28 U.S.C. § 455(a)** is divested of authority to act. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). Orders issued after recusal are void ab initio. *Parker v. Connors Steel Co.*, 855 F.2d 1510 (11th Cir. 1988).

This case presents an extraordinary situation involving **two separate sua sponte recusals** by Judge Allison D. Burroughs in **two directly related cases**:

1. **June 19, 2017** — Recusal in *Harihar v. United States*, Docket No. 17-cv-11109

1

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

MOHAN A HARIHAR,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Plaintiff　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )　　　Docket No. 15-cv-11880
　　　　　　　　v.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
US BANK, WELLS FARGO, CITIGROUP et al　 )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　Defendants　　　　　 )

## EMERGENCY NOTICE OF CLERK'S OFFICE MISCONDUCT

**Emergency Relief Requested**

Plaintiff respectfully submits this Emergency Notice to bring to the Court's attention a series of

serious administrative irregularities and improper actions by the Clerk's Office that have

occurred in connection with this matter. These actions include the enforcement of orders issued

during periods of judicial disqualification, the refusal and return of filings raising jurisdictional

defects, and administrative conduct inconsistent with federal law and the limits of clerk

authority.

Immediate administrative review and corrective action are required.

## I. INTRODUCTION

This case is directly related to two other federal actions arising from the same underlying

mortgage-securities fraud, illegal foreclosure, and financial-institution misconduct:

1. **Harihar v. United States** — Recusal entered **June 19, 2017**

2. **Harihar v. Massachusetts Association of Realtors et al.** — Recusal entered **April 9, 2026**

1

**UNITED STATES DISTRICT COURT**
for the
**DISTRICT OF MASSACHUSETTS**

MOHAN A HARIHAR,                          )
                                          )
            Plaintiff                     )
                                          )            Docket No. 15-cv-11880
      v.                                  )
                                          )
US BANK, WELLS FARGO, CITIGROUP et al     )
                                          )
            Defendants                     )

**EMERGENCY DOCKET AUDIT REQUEST**

**Emergency Relief Requested**

Plaintiff respectfully requests an **immediate, comprehensive docket audit** to identify and

correct all entries, orders, judgments, and administrative actions impacted by judicial

disqualification in this matter. This request is necessitated by two separate sua sponte recusals

issued by the presiding judge in **two directly related cases**, and by the Court's failure to void or

vacate orders issued during periods of disqualification.

A docket audit is required to restore the integrity of the record and ensure compliance with **28**

**U.S.C. § 455(a)** and binding Supreme Court precedent.

**I. INTRODUCTION**

This case is directly related to two other federal actions arising from the same underlying

mortgage-securities fraud, illegal foreclosure, and financial-institution misconduct:

1. **Harihar v. United States** — Recusal entered **June 19, 2017**

2. **Harihar v. Massachusetts Association of Realtors et al.** — Recusal entered **April 9,**
   **2026**

I

# UNITED STATES DISTRICT COURT
for the
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAN A HARIHAR, | ) |
| | ) |
| Plaintiff | ) |
| | )    Docket No. 15-cv-11880 |
| v. | ) |
| | ) |
| US BANK, WELLS FARGO, CITIGROUP et al | ) |
| | ) |
| Defendants | ) |

## JUDICIAL MISCONDUCT SUBMISSION FILED PURSUANT TO
### 28 U.S.C. §§ 351–354

**Emergency Relief Requested**

Plaintiff respectfully submits this Judicial Misconduct Submission pursuant to **28 U.S.C. §§ 351–354**, identifying serious judicial and administrative irregularities arising from **two separate sua sponte recusals** issued by Judge Allison D. Burroughs in **two directly related cases**, and the Court's subsequent failure to void or vacate orders issued during periods of disqualification. These issues implicate **structural due process**, **fraud on the court**, and **mandatory vacatur** under binding Supreme Court precedent.

## I. INTRODUCTION

This submission concerns judicial conduct and administrative actions affecting *Harihar v. U.S. Bank et al.*, No. 15-cv-11880, a case arising from mortgage-securities fraud, illegal foreclosure, and financial-institution misconduct.

Two directly related federal cases resulted in **two separate recusals** by Judge Allison D. Burroughs:

1

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

MOHAN A HARIHAR,  )
                  )
        Plaintiff )
                  )               Docket No. 15-cv-11880
        v.        )
                  )
US BANK, WELLS FARGO, CITIGROUP et al  )
                  )
        Defendants )

## CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF ALL EMERGENCY FILINGS

**Emergency Relief Requested**

Plaintiff respectfully submits this Consolidated Memorandum of Law in support of the following emergency filings:

1. Emergency Motion to Vacate Void Orders

2. Emergency Motion for Reassignment

3. Emergency Notice of Clerk's Office Misconduct

4. Emergency Docket Audit Request

5. Judicial Misconduct Submission

This memorandum integrates all legal authorities and factual bases supporting the requested relief.

## I. INTRODUCTION

This case arises from mortgage-securities fraud, illegal foreclosure, and financial-institution misconduct. It is directly related to two other federal actions involving the same underlying facts:

1

# UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

MOHAN A HARIHAR,                )
                                      )

             Plaintiff           )

                                 v.           )         Docket No. 15-cv-11880

                                      )

US BANK, WELLS FARGO, CITIGROUP et al   )

                                      )

            Defendants      )

## EMERGENCY OMNIBUS FILING

**Master Submission in Support of All Emergency Motions**

**Emergency Relief Requested**

Plaintiff respectfully submits this Emergency Omnibus Filing as a consolidated master record supporting all emergency motions filed contemporaneously, including:

1. Emergency Motion to Vacate Void Orders

2. Emergency Motion for Reassignment

3. Emergency Notice of Clerk's Office Misconduct

4. Emergency Docket Audit Request

5. Judicial Misconduct Submission

6. Consolidated Memorandum of Law

This omnibus filing is submitted to ensure a complete, unified record of the jurisdictional defects, structural errors, and mandatory-vacatur issues arising from **two separate sua sponte recusals** issued by the presiding judge in **two directly related cases.**

1

 Gmail

Mohan Harihar <moharihar@gmail.com>

## NOTICE OF EMERGENCY FILINGS AND REQUIRED OVERSIGHT DISTRIBUTION

**Mohan Harihar** <moharihar@gmail.com>                                    Tue, Apr 28, 2026 at 6:33 PM
To: Peelu_Kumar@mad.uscourts.gov
Cc: "todd.blanche@usdoj.com" <todd.blanche@usdoj.com>, "harmeet.dhillon@usdoj.gov" <harmeet.dhillon@usdoj.gov>,
"andrew.bailey@usdoj.com" <andrew.bailey@usdoj.com>, "leah.foley@usdoj.gov" <leah.foley@usdoj.gov>,
AO_OJI@ao.uscourts.gov, Susan Goldberg <susan_goldberg@ca1.uscourts.gov>, "Kaplan, Glenn (AGO)"
<glenn.kaplan@mass.gov>, "Higgins, Sean R." <sean.higgins@klgates.com>, aharmon@harmonlaw.com, "Jeffrey B. Loeb"
<JLoeb@richmaylaw.com>, "Maffucci, Christopher" <maffucci@casneredwards.com>, Kevin Polansky
<kevin.polansky@nelsonmullins.com>

Dear Deputy Clerk Kumar,

I am writing to provide formal notice of the emergency filings submitted in *Harihar v. U.S. Bank et al., Civil Action No. 15-cv-11880*. These filings are being transmitted via USPS Priority Mail, and PDF copies are included for reference.

The filings address serious jurisdictional defects arising from two separate sua sponte recusals issued by Judge Allison D. Burroughs in directly related cases: *Harihar v. United States* (recusal entered June 19, 2017) and *Harihar v. Massachusetts Association of Realtors et al.* (recusal entered April 9, 2026). Because both matters arise from the same underlying foreclosure and factual nucleus, the recusals directly affect the validity of orders, judgments, and administrative actions in the present case.

Given the severity of the legal issues presented—including structural due process concerns, void-order implications, and mandatory-vacatur requirements—it is necessary that all relevant oversight bodies be included in this communication. Accordingly, this correspondence and the underlying emergency filings have been copied to:

• The U.S. Department of Justice

• Federal oversight and investigative agencies referenced in the filings

• The Massachusetts Attorney General's Office

• Defendant attorneys of record

Their inclusion ensures transparency, preserves the integrity of the record, and provides appropriate oversight given the nature and scope of the issues.

I respectfully request that the Clerk's Office docket the enclosed filings upon receipt and confirm once docketing is complete.

Thank you for your attention to this matter.

Sincerely,

*/s/ Mohan A. Harihar*
**Mohan A. Harihar**

# Attachment D

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Mohan A Harihar
_____
**Plaintiff**

V.

us Bank, et al
_____
**Defendant**

### NOTICE OF RETURN OF DOCUMENTS

The attached document(s) was/were received for filing May 5, 2026. They are being returned for the following reasons:

(X)     The Plaintiff is precluded from filing any additional papers in this closed case

   Harihar shall make no further filings on this docket or any other filing with this Court that purports to be related to this action. See Electronic Order:  Case 1:15-CV-11880-ADB ECF 159 dated on 8/05/2019

                                        CM
                                        _____
                                        Deputy Clerk

# Attachment E

Supreme Judicial Court for the Commonwealth    Full Court:  SJC-13694    Filed: 8/4/2025 11:06 AM

**COMMONWEALTH OF MASSACHUSETTS**
**SUPREME JUDICIAL COURT**

MOHAN A. HARIHAR,                           )
                                            )
    Petitioner,                             )
                                            )
v.                                          )       Docket No. SJC-13694
                                            )
COMMONWEALTH OF MASSACHUSETTS,   )
WELLS FARGO, US BANK NA, CITIGROUP  )
GLOBAL MARKETS REALTY CORP., JEFFREY)
PERKINS, ISABELLE PERKINS,                  )
                                            )
    Respondents.                            )
                                            )

## NOTICE OF WITHDRAWAL OF COUNSEL

The undersigned hereby gives notice of the withdrawal of his appearance on behalf of

Appellants Wells Fargo Bank, N.A. and U.S. Bank National Association, as Indenture Trustee for

CMLTI 2006-AR-1.[1]   On this date, attorney Sean Higgins of K&L Gates LLP entered his

appearance on behalf of these parties.

Respectfully submitted,

/s/ David E. Fialkow
David E. Fialkow (BBO# 666192)
David.Fialkow@troutman.com
Troutman Pepper Locke LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02114
Tel: (617) 443-3709

Dated: August 4, 2025

# Attachment F

This Settlement Agreement ("Agreement") is entered into between the United States acting through the United States Department of Justice ("Department of Justice"), along with the States of California, Delaware, Illinois, and New York and the Commonwealth of Massachusetts, acting through their respective Attorneys General (collectively, "the States"), and Citigroup Inc. ("Citigroup"). The United States, the States, and Citigroup are collectively referred to herein as "the Parties."

<strong><u>RECITALS</u></strong>

A.      The Department of Justice conducted investigations of the packaging, marketing, sale, structuring, arrangement, and issuance of residential mortgage-backed securities ("RMBS") and collateralized debt obligations ("CDOs") by Citigroup between 2006 and 2007. Based on those investigations, the United States believes that there is an evidentiary basis to compromise potential legal claims by the United States against Citigroup for violations of federal laws in connection with the packaging, marketing, sale, structuring, arrangement, and issuance of RMBS and CDOs.

B.      The States, based on their independent investigations of the same conduct, believe that there is an evidentiary basis to compromise potential legal claims by California, Delaware, Illinois, Massachusetts, and New York against Citigroup for state law violations in connection with the packaging, marketing, sale, structuring, arrangement, and issuance of RMBS and CDOs.

C.      Citigroup has resolved claims filed by the Federal Deposit Insurance Corporation as Receiver for Strategic Capital Bank, and the Federal Deposit Insurance Corporation as Receiver for Colonial Bank (collectively, "FDIC"), alleging violations of federal and state securities laws in connection with private-label RMBS issued, underwritten, and/or sold by

Citigroup. The terms of the resolution of those claims are memorialized in a separate agreement, attached as Exhibit A.

D.    Citigroup acknowledges the facts set out in the Statement of Facts set forth in Annex 1, attached and hereby incorporated.

E.    In consideration of the mutual promises and obligations of this Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.    **Payment.** Citigroup shall pay a total amount of $4,500,000,000.00 to resolve pending and potential legal claims in connection with the packaging, marketing, sale, structuring, arrangement, and issuance of RMBS and CDOs by Citigroup ("Settlement Amount"). As set out below, $4,000,000,000.00 of that amount will be deposited in the United States Treasury and the remainder is paid to resolve the claims of the States and the FDIC, pursuant to the subsequent provisions of this Paragraph 1.

A.    Within fifteen business days of receiving written payment processing instructions from the Department of Justice, Office of the Associate Attorney General, Citigroup shall pay $4,208,250,000.00 of the Settlement Amount by electronic funds transfer to the Department of Justice.

i. $4,000,000,000.00 of the Settlement Amount, and no other amount, is a civil monetary penalty recovered pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a. It will be deposited in the General Fund of the United States Treasury.

ii. $208,250,000.00 and no other amount, is paid by Citigroup in settlement of the claims of the FDIC identified in Recital Paragraph C, pursuant to the settlement

2

agreement attached hereto as Exhibit A, the terms of which are not altered or affected by this Agreement.

B.    $102,700,000.00, and no other amount, will be paid by Citigroup to the State of California pursuant to Paragraph 6, below, and the terms of written payment instructions from the State of California, Office of the Attorney General.  Payment shall be made by electronic funds transfer within fifteen business days of receiving written payment processing instructions from the State of California, Office of the Attorney General.

C.    $7,350,000.00, and no other amount, will be paid by Citigroup to the State of Delaware pursuant to Paragraph 7, below, and the terms of written payment instructions from the State of Delaware, Office of the Attorney General.  Payment shall be made by electronic funds transfer within fifteen business days of receiving written payment processing instructions from the State of Delaware, Office of the Attorney General.

D.    $44,000,000.00, and no other amount, will be paid by Citigroup to the State of Illinois pursuant to Paragraph 8, below, and the terms of written payment instructions from the State of Illinois, Office of the Attorney General.  Payment shall be made by electronic funds transfer within fifteen business days of receiving written payment processing instructions from the State of Illinois, Office of the Attorney General.

E.    $45,700,000.00, and no other amount, will be paid by Citigroup to the Commonwealth of Massachusetts pursuant to Paragraph 9, below, and the terms of written payment instructions from the Commonwealth of Massachusetts, Office of the Attorney General. Payment shall be made by electronic funds transfer within fifteen business days of receiving written payment processing instructions from the Commonwealth of Massachusetts, Office of the Attorney General.

F.      $92,000,000.00, and no other amount, will be paid by Citigroup to the State of New York pursuant to Paragraph 10, below, and the terms of written payment instructions from the State of New York, Office of the Attorney General. Payment shall be made by electronic funds transfer within fifteen business days of receiving written payment processing instructions from the State of New York, Office of the Attorney General.

2.      **Consumer Relief.** In addition, Citigroup shall provide $2.5 billion worth of consumer relief as set forth in Annex 2, attached and hereby incorporated as a term of this Agreement. The value of consumer relief provided shall be calculated and enforced pursuant to the terms of Annex 2. An independent monitor will be appointed to determine whether Citigroup has satisfied the obligations contained in this Paragraph (such monitor to be Thomas J. Perrelli), and any costs associated with said Monitor shall be borne by Citigroup.

3.      **Covered Conduct.** "Covered Conduct" as used herein is defined as the creation, pooling, structuring, arranging, formation, packaging, marketing, underwriting, sale, or issuance prior to January 1, 2009 by Citigroup of the RMBS and CDOs identified in Annex 3, attached and hereby incorporated. Covered Conduct includes representations, disclosures, or non-disclosures to RMBS investors made in connection with the activities set forth above about the underlying residential mortgage loans, where the representation or non-disclosure involves information about or obtained during the process of originating, acquiring, securitizing, underwriting, or servicing residential mortgage loans included in the RMBS identified in Annex 3. Covered Conduct also includes representations, disclosures, or non-disclosures made in connection with the activities set forth above about the CDOs identified in Annex 3, attached and hereby incorporated. Covered Conduct does not include: (i) conduct relating to the origination of residential mortgages, except representations or non-disclosures to investors in the

4

RMBS listed in Annex 3 about origination of, or about information obtained in the course of originating, such loans; (ii) origination conduct unrelated to securitization, such as soliciting, aiding or abetting borrower fraud; (iii) the servicing of residential mortgage loans, except representations or non-disclosures to investors in the RMBS listed in Annex 3 about servicing, or information obtained in the course of servicing, such loans; or (iv) representations or non-disclosures made in connection with the trading of RMBS, except to the extent that the representations or non-disclosures are in the offering materials for the underlying RMBS listed in Annex 3.

4.    **Cooperation.**  Until the date upon which all investigations and any prosecution arising out of the Covered Conduct are concluded by the Department of Justice, whether or not they are concluded within the term of this Agreement, Citigroup shall, subject to applicable laws or regulations:  (a) cooperate fully with the Department of Justice (including the Federal Bureau of Investigation) and any other law enforcement agency designated by the Department of Justice regarding matters arising out of the Covered Conduct; (b) assist the Department of Justice in any investigation or prosecution arising out of the Covered Conduct by providing logistical and technical support for any meeting, interview, grand jury proceeding, or any trial or other court proceeding; (c) use its best efforts to secure the attendance and truthful statements or testimony of any officer, director, agent, or employee of any of the entities released in Paragraph 5 at any meeting or interview or before the grand jury or at any trial or other court proceeding regarding matters arising out of the Covered Conduct; and (d) provide the Department of Justice, upon request, all non-privileged information, documents, records, or other tangible evidence regarding matters arising out of the Covered Conduct about which the Department or any designated law enforcement agency inquires.

5.    **Releases by the United States.**  Subject to the exceptions in Paragraph 12 ("Excluded Claims"), and conditioned upon Citigroup's full payment of the Settlement Amount (of which $4 billion will be paid as a civil monetary penalty pursuant to FIRREA, 12 U.S.C. § 1833a), and Citigroup's agreement, by executing this Agreement, to satisfy the terms in Paragraph 2 ("Consumer Relief") and Paragraph 4 ("Cooperation"), the United States fully and finally releases Citigroup and each of its current and former subsidiaries and affiliated entities (collectively, the "Released Entities"), and each of their respective successors and assigns from any civil claim the United States has against the Released Entities for the Covered Conduct arising under FIRREA, 12 U.S.C. § l833a; the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801, *et seq.*; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, *et seq.*; the Injunctions Against Fraud Act, 18 U.S.C. § 1345; common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud, and aiding and abetting any of the foregoing; or that the Civil Division of the Department of Justice has actual and present authority to assert and compromise pursuant to 28 C.F.R. § 0.45.

6.    **Releases by the California Attorney General.**  Subject to the exceptions in Paragraph 12 (Excluded Claims), and conditioned solely upon Citigroup's full payment of the Settlement Amount (of which $102,700,000.00 will be paid to the Office of the California Attorney General, in accordance with written payment instructions from the California Attorney General, to remediate harms to the State, pursuant to California Government Code §§ 12650-12656 and 12658, allegedly resulting from unlawful conduct of the Released Entities), the California Attorney General fully and finally releases the Released Entities from any civil or

administrative claim for the Covered Conduct that the California Attorney General has authority to bring, including but not limited to: California Corporate Securities Law of 1968, Cal. Corporations Code § 25000 *et seq.*, California Government Code §§ 12658 and 12660 and California Government Code §§ 12650-12656, common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing. The California Attorney General executes this release in her official capacity and releases only claims that the California Attorney General has the authority to release for the Covered Conduct. The California Attorney General agrees that no portion of the funds in this paragraph is received as a civil penalty or fine, including, but not limited to any civil penalty or fine imposed under California Government Code § 12651. The California Attorney General and Citigroup acknowledge that they have been advised by their attorneys of the contents and effect of Section 1542 of the California Civil Code ("Section 1542") and hereby expressly waive with respect to this Agreement any and all provisions, rights, and benefits conferred by Section 1542.

7.     **Releases by the State of Delaware.**  Subject to the exceptions in Paragraph 12 (Excluded Claims), and conditioned solely upon Citigroup's full payment of the Settlement Amount (of which $7,350,000.00 will be paid to the State of Delaware, in accordance with written payment instructions from the State of Delaware, Office of the Attorney General, to remediate harms to the State allegedly resulting from unlawful conduct of the Released Entities), the Delaware Department of Justice fully and finally releases the Released Entities from any civil or administrative claim for the Covered Conduct that it has authority to bring, including but not limited to: 6 Del. C. Chapter 12 (the Delaware False Claims and Reporting Act), 6 Del. C. §§ 2511 *et seq.* (the Delaware Consumer Fraud Act), 6 Del. C. Chapter 73 (the Delaware

7

Securities Act), and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing.  The State of Delaware agrees that no portion of the funds in this paragraph is received as a civil penalty or fine, including, but not limited to any civil penalty or fine imposed under 6 Del. C. § 1201 or § 2522.

8.      **Releases by the State of Illinois.**  Subject to the exceptions in Paragraph 12 (Excluded Claims), and conditioned solely upon Citigroup's full payment of the Settlement Amount (of which $44,000,000.00 will be paid to the State of Illinois, Office of the Attorney General, in accordance with the written payment instructions from the State of Illinois, Office of the Attorney General, to remediate harms to the State  allegedly resulting from unlawful conduct of the Released Entities), the Illinois Attorney General of the State of Illinois fully and finally releases the Released Entities from any civil or administrative claim for the Covered Conduct that it has authority to bring, including but not limited to:  Illinois Securities Law of 1953, 815 Ill. Comp. Stat. 5/1 *et seq.*, and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing.  The State of Illinois agrees that no portion of the funds in this paragraph is received as a civil penalty or fine.

9.      **Releases of the Commonwealth of Massachusetts.**  Subject to the exceptions in Paragraph 12 (Excluded Claims), and conditioned solely upon Citigroup's full payment of the Settlement Amount (of which $45,700,000.00 will be paid to the Commonwealth of Massachusetts, in accordance with the written payment instructions from the Commonwealth of Massachusetts, to remediate harms to the Commonwealth allegedly resulting from unlawful conduct of the Released Entities), the Attorney General of the Commonwealth of Massachusetts

8

fully and finally releases the Released Entities from any civil claim for the Covered Conduct that she has authority to bring, including but not limited to: M.G.L. c. 93A, M.G.L. c. 12, and common law theories of negligence, payment by mistake, unjust enrichment, money had and received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing. The payment to the Commonwealth of Massachusetts shall be made to a trustee chosen by the Commonwealth, which shall hold the monies and distribute them as directed by the Massachusetts Office of the Attorney General for consumer relief, compensation to the Commonwealth and its entities, and pursuant to M.G.L. c. 12 § 4A, implementation of this Agreement and related purposes. Funds or portions of the funds remaining in the trust after 90 days, at the discretion of the Massachusetts Office of the Attorney General, may be transferred to the Massachusetts Treasury. The Commonwealth of Massachusetts agrees that no portion of the funds in this paragraph is received as a civil penalty or fine.

10.    **Releases by the State of New York.** Subject to the exceptions in Paragraph 12 (Excluded Claims), and conditioned solely upon Citigroup's full payment of the Settlement Amount (of which $92,000,000.00 will be paid to the State of New York, in accordance with written payment instructions from the State of New York, Office of the Attorney General, to remediate harms to the State allegedly resulting from unlawful conduct of the Released Entities), the State of New York, by Eric T. Schneiderman, Attorney General of the State of New York, fully and finally releases the Released Entities from any civil or administrative claim for the Covered Conduct that it has authority to bring, including but not limited to any such claim under: New York General Business Law Article 23A, New York Executive Law § 63(12), and common law theories of negligence, payment by mistake, unjust enrichment, money had and

9

received, breach of fiduciary duty, breach of contract, misrepresentation, deceit, fraud and aiding and abetting any of the foregoing.  The payment to the State of New York shall be used, to the maximum extent possible, for purposes of redeveloping and revitalizing housing and home ownership and rebuilding communities in the State, and for programs intended to avoid preventable foreclosures, to ameliorate the effects of the foreclosure crisis, to provide funding for housing counselors and legal assistance, housing remediation and anti-blight projects, for code enforcement, and to enhance law enforcement efforts involving financial fraud or unfair or deceptive acts or practices.  The State of New York agrees that no portion of the funds in this paragraph is received as a civil penalty or fine.

11.      **Releases by the FDIC.**  The release of claims by the FDIC is contained in a separate settlement agreement with Citi, attached as Exhibit A.  Any release of claims by the FDIC is governed solely by that separate settlement agreement.

12.      **Excluded Claims.**  Notwithstanding the releases in Paragraphs 5-11 of this Agreement, or any other term(s) of this Agreement, the following claims are specifically reserved and not released by this Agreement:

       a.  Any criminal liability;

       b.  Any liability of any individual;

       c.  Any liability arising under Title 26 of the United States Code (the Internal Revenue Code);

       d.  Any liability to or claims of the FDIC (in its capacity as a corporation, receiver, or conservator), except as expressly set forth in the separate agreement with the FDIC;

10

e.  Any claim related to compliance with the National Mortgage Settlement ("NMS"), or to compliance with the related agreements reached between the settling banks and individual states;

f.  Any liability to or claims of the United States of America, the Department of Housing and Urban Development/Federal Housing Administration, the Department of Veterans Affairs, or Fannie Mae or Freddie Mac relating to whole loans insured, guaranteed, or purchased by the Department of Housing and Urban Development/Federal Housing Administration, the Department of Veterans Affairs, or Fannie Mae or Freddie Mac, except claims based on or arising from the securitizations of any such loans in the RMBS or CDOs listed in Annex 1.

g.  Any administrative liability, including the suspension and debarment rights of any federal agency;

h.  Any liability based upon obligations created by this Settlement Agreement;

i.  Any liability for the claims or conduct alleged in the following *qui tam* actions, and no setoff related to amounts paid under this Agreement shall be applied to any recovery in connection with any of these actions:

    (i)  *United States, et al. ex rel. Szymoniak v. American Home Mortgage Servicing, Inc. et al.,* No. 0:10-cv-01465-JFA (D.S.C.), *and United States ex rel. Szymoniak v. ACE Securities Corp. et al.,* No. 13-cv-464-JFA (D.S.C.); and

    (ii) *United States ex rel. [Sealed] v. [Sealed]*, as disclosed to Citigroup;

j.  Claims raised in *Commonwealth of Massachusetts v. Bank of America, N.A., et al.,* Civ. No. 11-4363 (BLS1)(Massachusetts Suffolk Superior Court); and

11

k.  Any claims related to the alleged manipulation of the London Interbank Offered Rate or other currency benchmarks.

13.    **Releases by Citigroup.** Citigroup and any current or former affiliated entity and any of their respective successors and assigns fully and finally release the United States and the States, and their officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Citigroup has asserted, could have asserted, or may assert in the future against the United States and the States, and their officers, agents, employees, and servants, related to the Covered Conduct and the investigation and civil prosecution to date thereof.

14.    **Waiver of Potential FDIC Indemnification Claims by Citi.** Citigroup hereby irrevocably waives any right that it otherwise might have to seek (and in any event agrees that it shall not seek) any form of indemnification, reimbursement or contribution from the FDIC in any capacity, including the FDIC in its Corporate Capacity or the FDIC in its Receiver Capacity for any payment that is a portion of the Settlement Amount set forth in Paragraph 1 of this Agreement or of the Consumer Relief set forth in Paragraph 2 of this Agreement, including payments to the United States and the States made pursuant to Paragraphs 1 and 2 of this Agreement.

15.    **Waiver of Potential Defenses by Citigroup.** Citigroup and any current or former affiliated entity (to the extent that Citigroup retains liability for the Covered Conduct associated with such affiliated entity) and any of their respective successors and assigns waive and shall not assert any defenses Citigroup may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under

12

the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

16.     **Unallowable Costs Defined.**  All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of Citigroup, and its present or former officers, directors, employees, shareholders, and agents in connection with:

   a.   the matters covered by this Agreement;

   b.   the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

   c.   Citigroup's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

   d.   the negotiation and performance of this Agreement; and

   e.   the payment Citigroup makes to the United States pursuant to this Agreement, are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

17.     **Future Treatment of Unallowable Costs.**  Unallowable Costs will be separately determined and accounted for by Citigroup, and Citigroup shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

18.     This Agreement is governed by the laws of the United States.  The Parties agree that the exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Eastern District of New York.

13

19.     The Parties acknowledge that this Agreement is made without any trial or adjudication or finding of any issue of fact or law, and is not a final order of any court or governmental authority.

20.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

21.     Each party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

22.     Nothing in this Agreement in any way alters the terms of the NMS, or Citigroup's obligations under the NMS.

23.     Nothing in this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue laws, Title 26 of the United States Code.

24.     For the purposes of construing the Agreement, this Agreement shall be deemed to have been drafted by all Parties and shall not, therefore, be construed against any Party for that reason in any dispute.

25.     This Agreement constitutes the complete agreement between the Parties.  This Agreement may not be amended except by written consent of the Parties.

26.     The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

27.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

28.     This Agreement is binding on Citigroup's successors, transferees, heirs, and assigns.

14

29.     All parties consent to the disclosure to the public of this Agreement, and information about this Agreement, by Citigroup, the United States, the States, and the FDIC whose separate settlement agreement is referenced herein and attached as an exhibit to this Agreement.

30.     This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement").  Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

15

For the United States:

TONY WEST
Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C.  20530
Phone:  (202) 514-9500

Dated: _July 11, 2014_

For Citigroup Inc.:

Rohan Weerasinghe
General Counsel
Citigroup Inc.
399 Park Avenue
New York, New York 10022
Phone: (212) 793-1300

Brad S. Karp
Theodore V. Wells, Jr.
Bruce Birenboim
Susanna M. Buergel
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Phone: (212) 373-3000
Facsimile: (212) 492-0316

Dated: July 11, 2014

For the California Department of Justice:

KAMALA D. HARRIS
California Attorney General
California Department of Justice
455 Golden Gate, Suite 1000
San Francisco, CA 94102
Phone: (415) 703-5500

Dated: 7/11/14

For the State of Delaware:

JOSEPH R. BIDEN, III
Attorney General for the State of Delaware
Delaware Department of Justice
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801
Phone: (302) 577-8338

Dated: 7/11/14

For the State of Illinois:

LISA MADIGAN
Attorney General State of Illinois
500 South Second Street
Springfield, IL  62706
Phone:  (217) 782-1090

Dated:  July 14, 2014

For the Commonwealth of Massachusetts:

Office of the Attorney General
Attorney General Martha Coakley
By:


GLENN KAPLAN
Assistant Attorney General
One Ashburton Place
Boston, MA  02108
Phone:  (617) 727-2200

Dated:___7/11/14_____

For the State of New York:

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
120 Broadway
New York, NY 10271
Phone: (212) 416-8000

Dated: 7/11/14

# Attachment G

**COMMONWEALTH OF MASSACHUSETTS**
**SUPREME JUDICIAL COURT**

MOHAN HARIHAR

    Petitioner,

    v.

COMMONWEALTH OF
MASSACHUSETTS, ET AL.

    Respondent.

No. SJC-13694

## NOTICE OF WITHDRAWAL

Please enter the withdrawal of the undersigned as the counsel for Respondent Commonwealth

of Massachusetts, in the above-captioned matter.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS

By its attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ John Dupuis*
John Dupuis, BBO # 673489
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Rm. 1813
Boston, MA 02108
(617) 727-2200, Ext. 2915
John.Dupuis@mass.gov

Dated: January 27, 2026

## CERTIFICATE OF SERVICE

I, John Dupuis, Assistant Attorney General, hereby certify that I have this day, January 27, 2026, served the foregoing Notice of Withdrawal upon the Petitioner by emailing and mailing a copy to:

Mohan A. Harihar
7124 Avalon Drive
Acton, MA 01720
mo.harihar@gmail.com

/s/ John Dupuis
John Dupuis

Date Filed: 1/28/2026 10:12 AM
Land Court
Docket Number: 22 MISC 000454

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

MIDDLESEX, ss.                                        LAND COURT
                                                     22 MISC 000454 (KTS)

---

MOHAN A. HARIHAR,

    Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,

    Defendant.

---

### NOTICE OF WITHDRAWAL

Please enter the appearance of the undersigned as the attorney for the Defendant

Commonwealth of Massachusetts.

Respectfully submitted,

THE COMMONWEALTH OF
MASSACHUSETTS,

By its Attorneys,

ANDREA JOY CAMBELL
ATTORNEY GENERAL

/s/ John Dupuis
John Dupuis, BBO # 673489
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Rm. 1813
Boston, MA 02108
(617) 727-2200, Ext. 2915
John.Dupuis@mass.gov

Dated: January 28, 2026

## CERTIFICATE OF SERVICE

I, John Dupuis, Assistant Attorney General, hereby certify that I have this day, January 28, 2026, served the foregoing document upon all parties of record by emailing and mailing a copy to:

Mohan A. Harihar
7124 Avalon Drive
Acton, MA 01720
mo.harihar@gmail.com

/s/ John Dupuis
John Dupuis