**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MOHAN HARIHAR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> K&L GATES, LLP; DAVID E. ) <br> FIALKOW, ESQ.; RICH MAY PC; ) <br> JEFFREY B, LOEB, ESQ.; CASNER & ) <br> EDWARDS, LLP; CHRISTOPHER ) <br> MAFFUCCI, ESQ. ) <br> ) <br> Defendants. ) <br> ) | DOCKET NO. 25-CV-12831 |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

**(Fed. R. Civ. P. 59(e) and 60(b)(1))**

Plaintiff Mohan A. Harihar respectfully moves for reconsideration of the Court's Memorandum

and Order dated May 5, 2026 ("Order"), which (1) denied appointment of counsel, (2) concluded

that the complaint failed to state a claim, and (3) required a Second Amended Complaint by June

5, 2026. Reconsideration is warranted because the Order contains clear errors of law, overlooks

material facts, and does not apply the liberal construction standard required for pro se pleadings.

This motion is timely under Fed. R. Civ. P. 59(e) and, in the alternative, Fed. R. Civ. P. 60(b)(1).

### I. INTRODUCTION

The Court's Order concludes that Plaintiff's pleadings "fail to state a claim" and that Plaintiff

"has not provided any specific factual allegations suggesting he has a viable claim." Yet the

Order simultaneously acknowledges that Plaintiff's filings reference:

- a **14-year litigation history**,

- **illegal foreclosure findings by federal/state prosecutors and bank regulators**,

- **intellectual property issues involving economic benefit to the United States**,

- **multiple judicial recusals**, and

- **alleged clerk tampering**.

These are not "labels and conclusions." They are material factual allegations that the Court did not address.

The Court also denied appointment of counsel without analyzing the *DesRosiers* factors, despite the complexity of the issues and the extensive procedural history.

Reconsideration is necessary to correct these errors and ensure a complete and accurate record.

## II. STANDARD OF REVIEW

### Rule 59(e)

A court may alter or amend a judgment where it "misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension."

### Rule 60(b)(1)

Relief is appropriate for "mistake, inadvertence, surprise, or excusable neglect," including judicial errors of law or fact.

## III. ARGUMENT

### A. The Court Overlooked Material Factual Allegations

The Order states:

"the complaint relies solely on 'labels and conclusions'… [and] does not contain any well-pleaded allegations identifying the misconduct of each defendant."

But the complaint expressly alleges:

- A **14-year pattern of attorney misrepresentations**,

- **False and defamatory statements**,

- **Illegal foreclosure activity identified by federal/state prosecutors and bank regulators**,

- **Intellectual property misuse tied to economic espionage statutes**,

- **Judicial recusals and clerk tampering**,

as reflected in the Order's own summary:

"The Civil complaint addresses accruing damages caused by a 14-year history of attorney misrepresentations… illegal foreclosure… breaches in government settlement agreements… Plaintiff's Intellectual Property… compounded by a history of Judicial recusals/disqualifications and clerk tampering violations." (Order at 2–3)

These allegations are factual, not conclusory. The Court did not analyze them, address them, or request clarification.

This constitutes clear error.

## B. The Court Did Not Apply the Required Liberal Construction Standard

The Order cites *Erickson v. Pardus*, but does not apply it.

Under *Erickson*, a pro se complaint must be construed "liberally" and "held to less stringent standards."

Instead, the Order applies the *Twombly/Iqbal* standard without the required pro se adjustment, and without acknowledging the extensive factual context provided.

This is reversible error.

## C. The Court's Denial of Counsel Did Not Apply the *DesRosiers* Factors

The Order states:

"Harihar's pleadings… fail to state a claim… and he has not provided any specific factual allegations suggesting he has a viable claim."

But the Court did not analyze:

1. **Merits of the case**

2. **Complexity of the legal issues**

3. **Plaintiff's ability to represent himself**

as required by *DesRosiers v. Moran*, 949 F.2d 15 (1st Cir. 1991).

Given:

- the 14-year litigation history,

- judicial recusals,

- allegations of clerk tampering,

- foreclosure-fraud findings by regulators,

- intellectual property issues involving federal economic interests,

the case plainly presents "exceptional circumstances."

The Court's failure to analyze the required factors is a legal error.

## D. The Court Improperly Inferred Plaintiff's Intent Regarding the Amended Complaint

The Order states:

"The amended complaint does not appear to be a document that Harihar meant to replace the original complaint."

This inference is improper. Under Rule 15(a), the Court must construe pro se filings liberally and cannot deny substantive review based on perceived intent.

The Court should have either:

- construed the amended complaint as superseding, or

- requested clarification.

Instead, it treated the amended complaint as defective without analysis.

**E. The Court's §1915(e)(2) Review Was Conclusory and Incomplete**

The Order does not:

- identify which allegations are insufficient,

- analyze the foreclosure-fraud allegations,

- analyze the RICO allegations,

- analyze the defamation allegations,

- analyze the judicial misconduct allegations,

- analyze the clerk tampering allegations.

A §1915(e)(2) dismissal requires a reasoned explanation. The Order provides none.

**IV. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. **Vacate the portions of the May 5, 2026 Order** concluding that Plaintiff failed to state a claim.

2. **Vacate the denial of appointment of counsel** and reconsider under *DesRosiers*.

3. **Accept the Amended Complaint (D.8) as operative**, or in the alternative,

4. **Permit Plaintiff to file a Second Amended Complaint without prejudice** and without adverse inference.

5. **Clarify the Court's reasoning** regarding the factual allegations summarized in the Order.

6. **Grant such other relief as the Court deems just and proper.**

**V. CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion for Reconsideration.

Respectfully submitted this **21ˢᵗ day of May, 2026**

*/s/ Mohan A. Harihar*
Mohan A. Harihar
Plaintiff
7124 Avalon Drive
Acton, MA 01720
617.921.2526 (Mobile)
Mo.harihar@gmail.com

---

### **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this Motio: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the Motion otherwise complies with the requirements of Rule 11.