**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MOHAN A. HARIHAR,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**K&L GATES LLP,**<br><br>**Defendants.** | **Civil Action No. 25-12831-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, C.J.** **September 8, 2026**

*Pro se* plaintiff Mohan Harihar brings this action against certain law firms and attorneys, alleging certain misconduct by them in the course of litigation that began more than a decade ago and continues to the present. On May 5, 2026, the Court directed Harihar to file a second amended complaint if he wished to proceed with this action. D. 9. Harihar now has filed a second amended complaint. D. 21. He has also filed numerous motions and other documents, including a motion for a temporary restraining order and a preliminary injunction to halt an eviction proceeding against him in the state court. D. 29. For the reasons set forth below, the Court DISMISSES this action for failure to state a claim upon which relief may be granted and, in light of same, DENIES the pending motions as moot.

## I. Review of the Second Amended Complaint

The Court may review the pleading of a person proceeding *in forma pauperis* and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or asserts claims for monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). Further, a court has an obligation to inquire *sua sponte* into its own

jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). In conducting this review, the Court liberally construes the complaint because Harihar is proceeding *pro se*. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**A. Harihar's Claims**

Harihar brings this action against the law firm K&L Gates LLP; K & L Gates attorneys David Fialkow and Sean Higgins; the law firm Rich May P.C.; Rich May P.C. attorney Jeffrey Loeb; the law firm of Casner & Edwards LLP; and, Casner & Edwards attorney Christopher Maffucci. D. 21 ¶¶ 12-18.

Harihar states that his Court has jurisdiction "under 28 U.S.C. §§ 1331, 1332, and 1367, as Plaintiff asserts federal questions and supplemental state-law claims." Id. ¶ 9. Harihar asserts a claim under 18 U.S.C. § 1964 (civil remedies under the Racketeer Influenced and Corrupt Organizations Act ("RICO")) as well as state law claims for defamation, fraud, fraud on the court, civil conspiracy, abuse of process and negligence. Id. ¶¶ 49-65.

Harihar sets forth his statement of facts under nine heading headings. Under the heading "Longstanding Pattern of Defamation and Misrepresentation," Harihar alleges that, "[s]ince at least 2011 (collectively), defendants have made false statements about Plaintiff's conduct, character, and litigation history, including assertions that Plaintiff's claims were 'baseless,' 'frivolous,' or 'unsupported,' despite documentary evidence to the contrary." Id. ¶ 19. Harihar further claims that the statements were made "knowingly" and "maliciously," and were "disseminated in court filings, communications, and representations to third parties," resulting in "severe reputational harm, financial loss, and emotional distress." Id. ¶¶ 20-21.

Under the heading "Fraud on the Court and Concealment of Material Evidence," Harihar alleges that the defendants "knowingly misrepresented or concealed the significance of the 2014

Citigroup settlement agreement," and "repeatedly submitted filings that committed or distorted facts, including the history of illegal foreclosures and mortgage securities fraud." Id. ¶¶ 22, 23. Harihar asserts that this conduct "constitutes fraud on the court, as it undermines the integrity of judicial proceedings." Id. ¶ 24.

Under the heading "Connection to Related Litigation," Harihar claim that the defendants' alleged misconduct "is directly connected to a broader patter of related legal issues and systemic failures that spans multiple federal and state cases involving Plaintiff," including six cases in this court and two state court appellate proceedings. Id. ¶ 25. According to Harihar, he has "repeatedly identified the same or similar misrepresentations, false statements, and defamatory assertions made by all opposing counsel." Id. ¶ 26. Harihar claims that these statements "have contributed to a sustained pattern of obstruction, concealment, and litigation that has repeatedly prejudiced Plaintiff across multiple forums." Id. ¶ 27. Harihar further alleges that the defendants' alleged misconduct "has impacted [his] proprietary intellectual property, the 'FCS Model©', which is formally filed with the Library of Congress and held as a trade secret." Id. ¶ 29.

Under the heading "ADR/Mediation Offers and Defendants' Refusal," Harihar alleges that the defendants have declined his repeated good faith offers to resolve matters through mediation. Id. ¶ 30-31. Harihar "questions whether defendants have complied with their obligations to notify their professional liability insurance carriers, which may explain their refusal to participate in ADR." Id. ¶ 32. Under the headings "Procedural Barriers and Need for Counsel," and "Cause for Potential Venue Transfer," Harihar asserts that he has "shown cause for the Court's assistance with the appointment of legal counsel," and that "the collective litigation history . . . demonstrates cause for transfer to another venue to ensure impartial adjudication if necessary." Id. ¶¶ 36-37.

Under the heading "Attorney Withdrawal History and Documented Misconduct," Harihar asserts that "[t]he litigation history reflects a longstanding pattern of attorney misconduct and successive withdrawals by multiple law firms representing the bank defendants." Id. ¶ 38. Harihar believes there is a causal connection between his reporting of the sees a connection between his reports of attorney misconduct and their subsequent withdrawal from cases. Id. ¶¶ 38-45.

Under the heading "Supporting Documentation to Be Produced in Discovery," and "Related Tax Proceedings, Harihar claims that his factual allegations are supported by "extensive documental evidence,"" and that he is "pursuing related federal and state tax matters from the same government-identified fraud." Id. ¶¶ 46-47.

**B. Discussion**

**1. Subject Matter Jurisdiction**

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). Congress has granted federal district courts jurisdiction over two main kinds of cases: those arising under federal law, see 28 U.S.C. § 1331 ("§ 1331"), and diversity cases between "citizens" of different states and more than $75,000 is at stake, see 28 U.S.C. § 1332 ("§ 1332").[1]

Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be of complete diversity. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Complete diversity does not exist where any defendant is a citizen of the same state as the plaintiff. See id.; see also De La Rosa v. De La Rosa, 118 F.4th 393, 398 (1st Cir. 2024) (stating that "[a]t the time that the lawsuit is filed in diversity, 'no plaintiff may be a citizen of the same state as any

[1] If a litigant brings a claim over which a federal district court may exercise original jurisdiction under § 1331 or § 1332, the court may exercise supplemental jurisdiction over related stated law claims. 28 U.S.C. § 1367(a).

defendant'" (quoting BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695 (1st Cir. 2023))).

"For purposes of diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008). "A person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (quoting Rodríguez-Díaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988) (internal quotation marks omitted)). An unincorporated entity, such as partnership, is a citizen in each state in which one of its partners is a citizen. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); BRT Mgmt., 68 F.4th at 696.

Here, Harihar invokes the Court's jurisdiction under § 1332, D. 21 ¶ 9, but he does not identify the parties' citizenship. Harihar represents that he is a "resident" of Massachusetts, id. ¶ 11, and he does not give any indication that he could be a citizen of a state other than Massachusetts. Thus, the Court assumes he is a citizen of Massachusetts. Harihar does not identify the citizenship of the defendants, but nothing in the second amended complaint suggests that complete diversity of citizenship exists. The defendants include attorneys practicing in Boston and two unincorporated law firms with Boston offices (K&L Gates LLP; Casner & Edwards LLP). For complete diversity of citizenship to exist, all of the individual defendants and all the partners of those two law firms would have to be citizens of states other than Massachusetts.

### 2. Failure to State a Claim Arising Under Federal Law

Thus, the Court may only exercise original subject matter jurisdiction over this action if Harihar has adequately stated a claim arising under federal law upon which relief may be granted. Even reading the operative complaint in the light most favorable to Harihar, he has not done so here.

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The "short and plain" statement of the claim must provide a defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 555 (2007) (alteration in original) (internal citation omitted).

To "show that the [plaintiff] is entitled to relief," a plaintiff's statement of his claim must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Id. (quoting Twombly, 550 U.S. at 557). "Dismissal for failure to state a claim is appropriate if the complaint does not set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015) (quoting Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 21 (1st Cir.2013))

Harihar's civil RICO claim is his only cause of action arising under federal law. "To state a civil RICO claim, a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" Humana Inc. v. Biogen, Inc., 126 F.4th 94, 103 (1st Cir. 2025) (quoting Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003)). "By statute, the 'pattern' element requires a plaintiff to show at least two predicate acts of 'racketeering activity,' which is defined to include violations of specified federal laws . . . ." Id.

(alteration in original) (quoting Kenda, 329 F.3d at 233). The second amended complaint does not contain sufficient factual material which, treated as true, would allow the Court to draw a reasonable inference that the defendants were an "enterprise" that engaged in a "pattern" of "racketeering activity." Rather, Harihar's factual allegations consist primarily of "labels and conclusions" and "naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

In the absence of any claim over which the Court could exercise original subject jurisdiction, the Court will dismiss this action for lack of jurisdiction and has no basis to exercise supplemental jurisdiction over the state law claims.

## II. Conclusion

For the foregoing reasons, the Court ORDERS as follows:

1. This action is DISMISSED for lack of subject matter jurisdiction. The dismissal is without prejudice with regard to state law claims.

2. In light of the dismissal, all pending motions, D. 18, 20, 24-29, are DENIED as moot.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
Chief United States District Judge